108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sylvester STRONG, Plaintiff-Appellant,
v.
Don FORD; J. Gatio; W.S. Riggs; Ralph Mineau; L. Linnes,
Defendants-Appellees.
 No. 95-16404.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1997.*
Decided March 17, 1997.
 
 1
 Before: CANBY and RYMER, Circuit Judges, and EZRA**, District Judge:
 
 
 2
 MEMORANDUM***
 
 
 3
 Sylvester Strong appeals pro se the district court's grant of summary judgment in favor of Appellees, a number of individuals affiliated with the California Department of Corrections. Strong argues that the district court erred in treating his allegation that a prison guard manufactured evidence against him as a violation of 42 U.S.C. § 1983 instead of as a violation of 28 U.S.C. §§ 1343 & 1346. We affirm.
 
 II.
 
 4
 Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 
 III.
 
 5
 Strong contends that the district court erred in treating his allegation that a prison guard manufactured evidence against him as a violation of 42 U.S.C. § 1983 instead of as a violation of 28 U.S.C. §§ 1343 & 1346. Strong's contention is without merit: neither 28 U.S.C. § 1343 nor 28 U.S.C. § 1346 provides an independent federal cause of action for deprivations of civil rights; the statutes simply confer original jurisdiction on district courts in certain civil cases brought pursuant to statutes that do provide such causes of action. The district court, therefore, was correct to treat Strong's allegation that a prison guard manufactured evidence against him as a violation of 42 U.S.C. § 1983, because that allegation, properly understood, alleges that the prison guard, acting under color of state law, deprived Strong of his Fourteenth Amendment right to due process.
 
 IV.
 
 6
 Turning to the merits of Strong's claim, which for purposes of this appeal we interpret to be a challenge to the district court's grant of summary judgment in favor of the Appellees, we conclude that the district court's decision to grant summary judgment was correct. Even if we assume that Strong's allegation is true, City of Vernon v. Southern Calif. Edison, 955 F.2d 1361, 1365 (9th Cir.1992), it is clear that the actions of the prison guard did not infringe upon any liberty interest protected by the Due Process Clause. Under certain circumstances, of course, states may create liberty interests that are protected by the Due Process Clause. See Wolf v. McDonnell, 418 U.S. 539, 556 (1974). As the Supreme Court recently held in Sandin v. Conner, 115 S.Ct. 2293 (1995), however, "these interests will be generally limited to freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300 (internal citations omitted). No such interest is implicated by the facts of this case; losing 30 credit days is not an "atypical hardship" as contemplated by Sandin. Moreover, as a result of the prison's internal grievance procedures, Strong's 30-day credit loss was ultimately restored. The alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by 42 U.S.C. § 1983 when it does not result in the imposition of "atypical hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300; see also Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986)..
 
 V.
 
 7
 The district court's grant of summary judgment in favor of the Appellees is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3